UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ROBERT W. MAHER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:17-CV-231-TAV-SKL |
| | ) | |
| BEDFORD COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and a number of other motions [Docs. 4, 5, 6, 8, 10, 11, 14, 15, 16]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983. Accordingly, the Clerk will be **DIRECTED** to terminate all pending motions.

**I.    Filing Fee**

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**.

Because Plaintiff is an inmate in the Hardeman County Correctional Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. §§ 1915(b)(1) (A), (B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to the Warden of the Hardeman County Correctional Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this memorandum opinion and the accompanying order to the Court's financial deputy.

## II. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous, malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915(A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## III. Complaint

The allegations in Plaintiff's complaint arise out of Plaintiff's assertion that Defendants have violated his constitutional rights by preventing Plaintiff from receiving certain surgeries for his shoulder and/or arm and leg [Docs. 2, 10, 13, 14]. Plaintiff, however, previously filed a lawsuit arising out of related and/or substantively identical claims, which this Court dismissed for failure to state a claim.[1] *See Maher v. Bedford Cty. Sheriff's Dep't*, 4:16-CV-21 (E.D. Tenn. Sept. 16, 2016). The doctrine of res judicata prevents "the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). The doctrine consists of two related concepts: claim preclusion and issue preclusion. *Taylor*, 22 F. App'x at 538–39; *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998).

> Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to

---

[1] Notably, Plaintiff states in his complaint that he requests Rule 60(b) relief [Doc. 2 p. 3]. Rule 60(b), however, only provides relief from a final judgment or order, Fed. R. Civ. P. 60(b), while a complaint begins a new action, Fed. R. Civ. P. 3. Thus, it is somewhat unclear whether Plaintiff intended the complaint in this case to begin a new action, or whether he filed the complaint to seek to alter or amend the judgment in his previously filed case.

Based on the totality of the records in both cases, however, the Court finds that Plaintiff did intend to file a new action by filing his complaint. Specifically, unlike Plaintiff's numerous motions for post-judgment relief, Plaintiff used a complaint form for his complaint [Doc. 2], simultaneously filed an application to proceed *in forma pauperis* [Doc. 1] with his complaint, and filed motions in the previous case that indicate his desire to file a separate lawsuit based on the same allegations, *see Maher v. Bedford Cty. Sheriff's Dep't*, 4:16-CV-21 (E.D. Tenn. Sept. 16, 2016) [Docs. 37, 42]. Accordingly, it appears to the Court that Plaintiff did intend to file a separate action by filing the complaint in this case.

> every matter actually litigated as well as every theory of recovery that could have been presented. Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation.

*Taylor*, 22 F. App'x at 538–39 (internal citation omitted); *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001); *see also Doe ex rel. Doe v. Jackson Local School Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011) (noting that claim preclusion requires "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of actions."); *Vincent v. Warren Cty., Ky.*, 629 F. App'x 735, 740 (6th Cir. 2015) (noting that, for issue preclusion to apply, "the issue raised in the second case must have been raised, actually litigated and decided, and necessary to the court's judgment in the first case."). "A completely duplicative complaint lacks an arguable basis either in law or in fact and, [is] therefore . . . properly dismissed on the basis of res judicata." *Taylor*, 22 F. App'x at 539.

The substantive claims Plaintiff seeks to bring in this action are all claims that Plaintiff brought, attempted to bring, or could have brought in his previous action. *Compare* [Docs. 2, 5, 6, 7, 10, 13, 14, 15, 16] *with Maher v. Bedford Cty. Sheriff's Dep't*, 4:16-CV-21 (E.D. Tenn. Sept. 16, 2016) [Docs. 1, 35, 36, 37]. Accordingly, the doctrine of res judicata bars these claims, Plaintiff's complaint lacks an arguable legal basis, and

5

the Court will **DISMISS** this action for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915(A).

**IV.    Conclusion**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. This action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983;

3. The Clerk will be **DIRECTED** to terminate all pending motions;

4. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

5. The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit payments to the Clerk as set forth above; and

**6.** The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to the Warden of the Hardeman County Correctional Facility, the Commissioner of the Tennessee Department of Correction, the Attorney General for the State of Tennessee, and the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE